KENT E. HANSON
MICHAEL B. SCHON
kent.hanson@usdoj.gov
U.S. Department of Justice
Environment and Natural Resources Division
Environmental Defense Section
P.O. Box 23986
Washington, D.C. 20026-3986
(202) 514-2327
Fax: (202) 514-8865

NEIL EVANS
neil.evans@usdoj.gov
Office of the United States Attorney
District of Oregon
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204
(503) 727-1053
Fax: (503) 727-1117

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Case No. 06-6071-HO |
| Plaintiff, | |
| v. | **COMPLAINT** |
| **MASTEC, INC.**, and **COOS COUNTY**, a county of the State of Oregon, | |
| Defendants. | |

COMPLAINT - 1

The United States of America, through its undersigned attorneys, by the authority of the Attorney General, and at the request of the United States Army Corps of Engineers, alleges as follows:

## NATURE OF THE ACTION

1.   This is a civil action commenced under section 309(b) and (d) of the Clean Water Act ("CWA"), 33 U.S.C. § 1319(b) and (d), to obtain injunctive relief and civil penalties against Defendants, for the discharge of pollutants into waters of the United States in Coos and Douglas Counties, Oregon without authorization and in violation of a permit issued by the United States Army Corps of Engineers ("Corps"), in violation of CWA section 301(a), 33 U.S.C. § 1311(a).

2.   Defendants violated the Clean Water Act by violating conditions of a CWA section 404 permit during construction of a 60-mile natural gas transmission pipeline, and by discharging dredged or fill material into jurisdictional waters of the United States without obtaining a permit from the Corps of Engineers during construction of 11 miles of a 17- mile "lateral" pipeline system.

3.   In this action, the United States seeks (1) to enjoin violation of the CWA permit and the discharge of pollutants into waters of the United States without a permit in violation of CWA section 301(a), 33 U.S.C. § 1311(a); (2) to require Defendants, at their own expense and at the direction of the Corps, to restore and/or mitigate the damages caused by their unlawful activities; and (3) to require Defendants to pay civil penalties as provided in 33 U.S.C. § 1319(d).

## JURISDICTION AND VENUE

4.   This Court has jurisdiction over the subject matter of this action pursuant to CWA section 309(b), 33 U.S.C. § 1319(b), and 28 U.S.C. §§ 1331, 1345, and 1355.

5.   Venue is proper in the District of Oregon pursuant to CWA section 309(b), 33 U.S.C. § 1319(b), and 28 U.S.C. § 1391(b) and (c), because the Defendants conduct business in this District, the subject property is located in this District, and the cause of action alleged herein arose in this District.

COMPLAINT - 2

6. Notice of the commencement of this action has been provided to the State of Oregon pursuant to CWA section 309(b), 33 U.S.C. § 1319(b).

## THE PARTIES

7. The Plaintiff in this action is the United States of America. Authority to bring this action is vested in the United States Department of Justice pursuant to 28 U.S.C. §§ 516 and 519, and 33 U.S.C. § 1366.

8. Defendant MasTec, Inc., is a Florida corporation that, at times relevant to this complaint, did business in the State of Oregon.

9. Defendant Coos County is a county of the State of Oregon.

10. MasTec and Coos County entered into a contract for the construction of natural gas transmission pipelines in Coos County and Douglas County.

11. At all times relevant to the Complaint, the Defendants either owned, leased or otherwise controlled the pipelines that are the subject of this Complaint and/or otherwise controlled or engaged in the violations of the CWA that occurred in conjunction with the construction of said pipelines.

## STATUTORY BACKGROUND

12. CWA section 301(a), 33 U.S.C. § 1311(a), prohibits the discharge of pollutants into navigable waters except in compliance with, <u>inter alia</u>, a permit issued pursuant to CWA section 404, 33 U.S.C. § 1344.

13. CWA section 404(a), 33 U.S.C. § 1344(a), authorizes the Secretary of the Army, acting through the Chief of Engineers, to issue permits for the discharge of dredged or fill material into navigable waters at specified disposal sites, after notice and opportunity for public comment.

14. CWA section 502(12), 33 U.S.C. § 1362(12), defines "discharge of a pollutant" to include "any addition of any pollutant to navigable waters from any point source."

15.     CWA section 502(6), 33 U.S.C. § 1362(6), defines "pollutant" to include, inter alia, dredged spoil, rock, sand and cellar dirt.

16.     CWA section 502(7), 33 U.S.C. § 1362(7), defines "navigable waters" as "the waters of the United States, including the territorial seas."

17.     33 C.F.R. § 328.3(a)(1), (2), (5) and (7), and 40 C.F.R. § 232.2, define "waters of the United States" to include:  (i) all waters which are currently used, were used in the past, or may be susceptible to use in interstate or foreign commerce; (ii) all inter-state waters; (iii) all other waters, such as intrastate lakes, rivers, streams, sloughs or wetlands, the use, degradation or destruction of which could affect interstate or foreign commerce; (iv) tributaries to such waters; and (v) wetlands adjacent to such waters or their tributaries.

18.     33 C.F.R. § 328.3(b) and 40 C.F.R. §§ 122.2 and 232.2 define "wetlands" as "those areas that are inundated or saturated by surface or ground water at a frequency and duration sufficient to support, and that under normal circumstances do support, a prevalence of vegetation typically adapted for life in saturated soil conditions."

19.     CWA section 502(14), 33 U.S.C. § 1362(14), defines "point source" to include "any discernible, confined and discrete conveyance . . . from which pollutants are or may be discharged."

20.     CWA section 502(5), 33 U.S.C. § 1362(5), defines "person" to include "an individual, corporation, partnership, association, State, municipality, commission, or political subdivision of a State."

21.     CWA section 309(b), 33 U.S.C. § 1319(b), authorizes the commencement of a civil action for appropriate relief, including a permanent or temporary injunction, against any person who violates CWA section 301(a), 33 U.S.C. § 1311(a).

22.     CWA section 309(d), 33 U.S.C. § 1319(d), authorizes the commencement of an action for civil penalties against any person who violates CWA section 301(a), 33 U.S.C. § 1311(a).

COMPLAINT - 4

## FIRST CLAIM FOR RELIEF
(Violations of CWA permit)

23. In November 2000, Coos County submitted an application pursuant to CWA section 404 for Corps authorization to install a 12-inch diameter natural gas pipeline originating near Roseburg, Oregon and extending west for approximately 60 miles to Coos Bay, Oregon ("mainline pipeline").

24. On April 21, 2003, after preparation of an Environmental Impact Statement and consultation with National Oceanographic & Atmospheric Administration ("NOAA") Fisheries, the Corps verified that the mainline pipeline was authorized under the terms and limitations of Nationwide Permit ("NWP") 12 for utility line activities, and issued Permit No. 200000544 (the "CWA permit") pursuant to CWA section 404.

25. Beginning in or about June 2003 through the filing of this Complaint, the Defendants and/or persons acting on their behalf violated the conditions of the CWA permit at more than 165 streams and/or wetlands constituting "waters of the United States" during construction of the mainline pipeline.

26. Violations of the CWA permit and the resulting adverse impacts to waters of the United States are continuing.

29. Unless enjoined, violations of the CWA permit are likely to continue and adverse impacts to waters of the United States are likely to go unremediated.

## SECOND CLAIM FOR RELIEF
(Discharges without a permit)

30. On March 25, 2003, Coos County applied for a permit for a 17-mile lateral pipeline system ("lateral pipeline") to consist of: (1) a 6-inch pipe branching off the mainline pipe at Fairview and extending 8.7 miles to Johnson Mill, Oregon; (2) a 4-inch pipe from the end of the 6-inch pipe 2.2 miles north to city of Coquille, Oregon; and (3) a 4-inch pipe from the end of the 6-inch pipe 6 miles south to the town of Myrtle Point, Oregon.

31. In the summer of 2003, Defendants began construction of the lateral pipeline.

32. Beginning in or about August 2003 through the filing of this Complaint, the Defendants and/or persons acting on their behalf discharged dredged or fill material into more than 15 streams and/or wetlands, that are "waters of the United States," without a permit under CWA section 404.

33. The dredged or fill material that the Defendants and/or persons acting on their behalf caused to be discharged includes, among other things, dirt, spoil, rock and sand, all of which constitute "pollutants" as defined in CWA section 502(6), 33 U.S.C. § 1362(6).

34. Defendants and/or persons acting on their behalf used mechanized land-clearing and earth-moving equipment to accomplish the discharges. This equipment constitutes "point sources" as defined in CWA section 502(14), 33 U.S.C. § 1362(14).

35. Defendants did not obtain a permit from the Secretary of the Army, acting through the Chief of Engineers, for the discharges of dredged or fill material into waters of the United States as required by CWA sections 301(a) and 404, 33 U.S.C. §§ 1311(a), 1344.

36. Defendants conducted, contracted for, supervised and/or otherwise controlled the unauthorized activities described in this Complaint.

37. Defendants are persons within the meaning of CWA section 502(5), 33 U.S.C. § 1362(5).

38. Defendants have violated and continue to violate CWA section 301(a), 33 U.S.C. § 1311(a), by their unauthorized discharges of dredged or fill material into waters of the United States.

39. Each site at which such material was discharged into waters of the United States constitutes a separate violation, and each day that such material remains in place constitutes a separate violation of CWA section 301(a), 33 U.S.C. § 1311(a).

40. Unless enjoined, Defendants are likely to continue to discharge dredged or fill material into and/or continue to allow dredged or fill material to remain in waters of the United

States, in violation of CWA section 301, 33 U.S.C. § 1311.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, the United States of America, respectfully requests that this Court order the following relief:

A. That the Defendants be permanently enjoined from discharging or causing the discharge of dredged or fill material or other pollutants into any waters of the United States except in compliance with the CWA;

B. That the Defendants be enjoined to undertake measures, at Defendants' own expense and at the direction of the United States Army Corps of Engineers, to: correct conditions resulting from violations of the CWA permit; effect complete restoration of waters of the United States that have been affected by Defendants' violations of the CWA; and/or to conduct off-site mitigation for irreversible environmental damage, as appropriate;

C. That the Defendants be assessed pursuant to CWA section 309(d), 33 U.S.C. § 1319(d), a civil penalty for each day of each violation of CWA section 301(a), 33 U.S.C. § 1311(a);

D. That the United States be awarded costs and disbursements, including expert witness fees, in this action; and

E. That this Court grant Plaintiff, the United States of America, such other relief as the Court may deem just and proper.

Respectfully submitted,

SUE ELLEN WOOLDRIDGE
Assistant Attorney General
Environment and Natural Resources Division

   s/ Kent E. Hanson
KENT E. HANSON
MICHAEL B. SCHON
U.S. Department of Justice
Environment and Natural Resources Division
Environmental Defense Section
P.O. Box 23986
Washington, D.C. 20026-3986
(202) 514-1950

KARIN IMMERGUT
United States Attorney for the District of Oregon


   s/ Neil Evans by K.E. Hanson with permission
NEIL EVANS
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204
(503) 727-1053

Attorneys for Plaintiff