Kent E. Hanson
kent.hanson@usdoj.gov
U.S. Department of Justice
Environment and Natural Resources Division
Environmental Defense Section
P.O. Box 23986
Washington, D.C. 20026-3986
Phone:  (202) 514-2327
Fax:  (202) 514-8865

Neil Evans
neil.evans@usdoj.gov
Office of the United States Attorney
District of Oregon
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204
Phone:  (503) 727-1053
Fax:  (503) 727-1117

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| **SIERRA CLUB, et al.**,<br><br>     Plaintiff,<br><br>v.<br><br>**MASTEC NORTH AMERICA, INC.**, **et al.**,<br><br>     Defendants. | Case No. 03-1697-HO<br>(Consolidated with Case No. 06-6071-HO)<br><br>**UNOPPOSED MOTION FOR ENTRY OF CONSENT DECREE** |

Plaintiff United States of America ("United States") hereby moves the Court to approve and enter the Proposed Consent Decree that the United States lodged with the Court on August 19, 2008 (Doc. # 297). Pursuant to LR 7.1 the Parties have discussed this motion; no party opposes entry of the Consent Decree.

1. The Sierra Club, Coos County Coalition, and Klamath-Siskiyou Wildlands Project (collectively, "Sierra Club") commenced Case No. 03-1697 against MasTec North America, Inc., Clark Besack ("Besack"), and others, alleging that MasTec North America, Inc. and Besack discharged pollutants into waters of the United States in Coos and Douglas Counties, Oregon, without authorization by a permit issued by the United States Army Corps of Engineers ("Corps"), and contrary to an Oregon Department of Environmental Quality ("ODEQ") storm water permit, in violation of section 301(a) of the Clean Water Act ("CWA"), 33 U.S.C. § 1311(a). Subsequently, the United States filed complaints against MasTec, Inc. and other defendants (Case No. 06-6071-HO) and MasTec North America, Inc. (Case No. 03-1697-HO), alleging, among other things, that MasTec, Inc. and MasTec North America, Inc. violated CWA section 301(a), 33 U.S.C. § 1311(a), by discharging dredged or fill material into waters of the United States without a permit or in violation of a permit. The CWA violations alleged by the United States included those alleged by Sierra Club as well as many other violations, including violations at many locations that were not the subject of the Sierra Club complaint.

2. On August 19, 2008, the United States lodged with the Court a Consent Decree signed by the United States and Coos County that completely resolves all claims asserted by Sierra Club against MasTec North America, Inc. and Besack, and the United States' claims against MasTec, Inc. and MasTec North America, Inc., for discharges of drilling mud through

rock fractures ("frac-outs") that occurred at six stream crossings. The remaining CWA violations alleged by the United States were the subject of a trial to the Court in February 2008, and are not the subject of the proposed Consent Decree. At the time of lodging the proposed Consent Decree, the United States requested that the Court withhold consideration of the proposed Consent Decree while the United States provided an opportunity for public comment pursuant to 28 C.F.R. § 50.7.

      3. On August 27, 2008, the United States published notice of the proposed Consent Decree in the Federal Register and invited the public to submit comments through September 26, 2008. 73 Fed. Reg. 50,643 (Aug. 27, 2008). As indicated in the Federal Register, a copy of the Consent Decree was made available in Eugene at the Clerk's office for the District of Oregon, and on-line at the Department of Justice's website.

      4. The 30-day public comment period has ended. The United States received no comments.

      5. The Court should enter a proposed consent decree if it is fair, reasonable and equitable and does not violate the law or public policy. <u>Sierra Club v. Electronic Controls Design</u>, 909 F.2d 1350, 1355 (9th Cir. 1990). Where the United States is a party to the consent decree, a court "should pay deference to the judgment of the government agency which has negotiated and submitted the proposed judgment." <u>SEC v. Randolph</u>, 736 F.2d 525, 529 (9th Cir. 1984).

      6. The Proposed Consent Decree is fair, reasonable and equitable, and does not violate the law or public policy for the following reasons:

a. The Proposed Consent Decree is the product of arms-length adversarial negotiations. The Parties were advised by counsel and had the opportunity to evaluate the strengths and weaknesses of each others' cases.

b. The payment of $50,000 in civil penalties and $200,000 for water quality and habitat improvement projects required by the proposed Consent Decree represents a deterrent to Defendants and future potential Clean Water Act violators. Proposed Consent Decree ¶¶ 22-23. These payments are fair and reasonable because they conclude pending CWA claims by the United States with regard to only frac-out violations at six stream crossings. Those violations, which were among the least serious of the violations alleged by the United States, occurred while Defendants were engaged in horizontal directional drilling operations conducted to avoid trenching and other work directly in waters of the United States. In addition, the frac-outs resulted in temporary, minor adverse environmental effects (e.g., turbidity) caused by the discharge of relatively small quantities of inert drilling mud. The Consent Decree does not resolve Defendants' liability for 608 other violations of the CWA permit conditions at 171 different stream and wetland crossings or for the violations at nine streams and nine wetlands where Defendants engaged in trenching and filling activities without a CWA permit.

c. The Consent Decree meets the objectives of the Clean Water Act to "restore and maintain the chemical, physical, and biological integrity of the Nation's waters," 33 U.S.C. § 1251(a), by requiring MasTec to fund mitigation projects that will

contribute to improved water quality along parts of the Coquille River that were affected by the frac-outs. See Proposed Consent Decree at ¶¶ 23.

For the foregoing reasons, the Court should grant this unopposed motion and enter the proposed Consent Decree by executing the signature page found at page 14 of the Consent Decree lodged with the Court on August 19, 2008.

Respectfully submitted,

RONALD J. TENPAS
Assistant Attorney General
Environment and Natural Resources Division


  s/ Kent E. Hanson
Kent E. Hanson
Environmental Defense Section
United States Department of Justice
P.O. Box 23986
Washington, DC 20004
(202) 514-2327

KARIN IMMERGUT
United States Attorney for the District of Oregon

NEIL EVANS
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204
(503) 727-1053